

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

November 22, 2017

**BY HAND DELIVERY**

The Honorable Paul E. Davison
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    **Investigation of AMA Laboratories, Inc.**

Dear Judge Davison:

    The Government respectfully submits this letter in opposition to two motions filed by AMA Laboratories, Inc. ("AMA"): (1) AMA's November 7, 2017 motion to unseal pre-indictment search warrant materials, and (2) AMA's November 10, 2017 motion "to enjoin the introduction of evidence to the Grand Jury that was obtained in violation of AMA's constitutional rights" (AMA Letter-Motion Dated 11/10/17 ("11/10/17 Mot.") at 1).[1]  For the reasons set forth below, both motions are without merit and should be denied.

    AMA claims that the Government executed search warrants at its premises earlier this year.  Because the Government usually does not publicly discuss or confirm the existence of ongoing criminal investigations, the Government assumes for the sake of argument that such search warrants were issued and executed.

### A.  AMA's Motion to Unseal Search Warrant Materials Should Be Denied

    AMA claims that it should be allowed to review sealed search warrant affidavits—filed *ex parte* and under seal consistent with longstanding practice and sound policy—based on the common law right of access to judicial records, the First Amendment, and the Fourth Amendment. (AMA Letter-Motion Dated 11/7/17 ("11/7/17 Mot.") at 3-5).  But neither the First Amendment nor the Fourth Amendment offers a right of access to sealed search warrant materials, and any common law right of access that might apply is outweighed by the Government's compelling interest in preserving the confidentiality and integrity of its ongoing investigation.

---

[1] The Government submits this letter in conjunction with a separate *in camera* letter addressing the Government's compelling need to keep the search warrant materials under seal.  *See All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 584-85 (S.D.N.Y. 2009) (relying in part on sealed *ex parte* submission from the Government).

### 1.    Common Law Right of Access

As a general matter, the public has a common-law right "to inspect and copy public records and documents, including judicial records and documents." *Nixon* v. *Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *see also United States* v. *Amodeo*, 44 F.3d 141, 145-46 (2d Cir. 1995) (further characterizing the right as a "presumption favoring access to judicial records"). This right of access is at most a presumption, however, and yields to other, important interests favoring nondisclosure. Three circuits have considered whether the public has a common-law right to access search warrant applications pre-indictment, and all have recognized the significance of countervailing law enforcement interests. The Ninth Circuit has held flatly that there is "no right of access to search warrant materials while a pre-indictment investigation is under way." *Times Mirror Co.* v. *United States*, 873 F.2d 1210, 1211 (9th Cir. 1989). In so holding, the Ninth Circuit drew an analogy to grand jury proceedings and identified three main risks of allowing pre-indictment warrant proceedings to be made public. First, those under investigation could "destroy evidence, coordinate their stories before testifying, or even flee the jurisdiction." *Id.* at 1215. Second, those who provided testimony in support of a warrant's issuance might be placed in danger or chilled from providing this testimony in the first place. *Id.* Third, those named in a warrant may never be charged with a crime, but publicizing warrant materials could tarnish their reputations in the public's view and leave them without a forum in which to exonerate themselves. *Id.* at 1215-16. In light of these concerns, the Ninth Circuit concluded that "the ends of justice would be frustrated, not served, if the public were allowed access to warrant materials in the midst of a pre-indictment investigation into suspected criminal activity." *Id.* at 1219.

Two other circuits apply a case-by-case analysis to determine whether unsealing pre-indictment warrant materials would threaten an ongoing investigation. *See Baltimore Sun Co.* v. *Goetz*, 886 F.2d 60, 64-66 (4th Cir. 1989); *United States* v. *Sealed Search Warrants*, 868 F.3d 385, 395-96 (5th Cir. 2017).[2] In adopting that standard, the Fifth Circuit emphasized that its case-by-case approach did not "at all dilute[]" "the policy justifications that concerned the Ninth Circuit in *Times Mirror*": "If the unsealing of pre-indictment warrant materials would threaten an ongoing investigation, the district court has discretion to make redactions prior to unsealing or, where necessary, to leave the materials under seal." *Sealed Search Warrants*, 868 F.3d at 395.

If a common-law presumption of access applies at all to pre-indictment search warrant affidavits, the Court then must determine the weight to be accorded to that presumption,[3] and "balance competing considerations against it." *United States* v. *Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also Lugosch* v. *Pyramid Co.*, 435 F.3d 110, 124 (2d Cir. 2006) ("Notwithstanding

---

[2] The Second Circuit has not taken a position on this issue. *See Application of Newsday, Inc.*, 895 F.2d 74, 78-79 (2d Cir. 1990).

[3] Courts in this Circuit have held that the common-law presumption of access to search warrant affidavits is entitled to great weight, while also noting that the countervailing Government interest in protecting the integrity of an ongoing criminal investigation carries great weight. *See All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 584-85; *In re Search Warrant*, 2016 WL 7339113, at *3-4 (S.D.N.Y. Dec. 19, 2016).

the presumption of access under . . . the common law . . ., the documents may be kept under seal if 'countervailing factors' . . . so demand."). When competing interests outweigh the presumption, access should not be granted. *See Lugosch*, 435 F.3d at 119-20; *see also All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 584-85 (denying motion to fully unseal search warrant affidavit and explaining that there must be compelling reasons to unseal seizure warrant affidavits and, to the extent such reasons exist, the limitation on access "should not be broader than necessary," *id.* at 585). Courts have routinely found that prejudice to an ongoing criminal investigation is a sufficiently compelling reason to warrant sealing. *See All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 585 (noting that "[s]uch interests are frequently found by courts to be sufficiently compelling to warrant some measure of closure" and collecting cases); *see also, e.g., United States* v. *Valenti*, 987 F.2d 708, 714 (11th Cir. 1993) ("[W]e hold that the district court properly denied the *Times*'s emergency motion to unseal as a necessary means to achieving the government's compelling interest in the protection of a continuing law enforcement investigation.").

This Court should follow the Ninth Circuit's rule precluding the public release of pre-indictment search warrant materials. *Times Mirror Co.*, 873 F.2d at 1211. *But see All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 583-86 (engaging in a balancing analysis). The severe risks to criminal investigations outlined in *Times Mirror* apply in every case and accordingly always outweigh any interest the public may have in pre-indictment disclosure of the details of an ongoing investigation. *See Times Mirror Co.*, 873 F.2d at 1215-19. But even if the Court adopts a case-by-case balancing approach, any common law presumption of access is outweighed in this case by the Government's compelling need to protect its ongoing criminal investigation by keeping the contents of the search warrant materials sealed, for the reasons discussed in the Government's supplemental *in camera* submission.

In contrast to the Government's compelling interest in continued nondisclosure, AMA has no legitimate reason to request unsealing in the middle of an ongoing investigation. AMA claims that unsealing affidavits would help AMA "1) to determine what information was presented or withheld from the judicial officer about turning off AMA security cameras; 2) to augment its own internal investigation . . .; 3) to be in a position to efficiently seek a pre-indictment resolution that leaves AMA as a viable business entity; and 4) to address the concerns of the commercial community raised by the general awareness in that community of the government's raids." (11/7/17 Mot. at 3-5; *see also id.* at 4 (revealing search warrant materials would help AMA "to start to examine its own defenses" and "explore the validity" of the facts alleged in the warrant materials)). These claims do not withstand even passing scrutiny. AMA has no need to know at this stage "what information was presented to" the magistrate judge, nor are the search warrant affidavits necessary for AMA to pursue an internal investigation; AMA is, and has always been, free to interview witnesses, gather its own evidence, and otherwise investigate fraud within the company. AMA, like any individual or entity, is also welcome to "seek a pre-indictment resolution" if it believes that to be an appropriate course of action. Finally, AMA's stated desire to mount a public relations campaign in the "commercial community" hardly justifies the pre-indictment disclosure of search warrant affidavits.

In sum, the Court should deny AMA's motion and order that the search warrant materials remain under seal while the Government's investigation remains ongoing. If the Court is inclined

to unseal any portion of the search warrant materials, however, the Government respectfully requests the opportunity, before any such disclosure, to request appropriate redactions.

## 2. First Amendment Right of Access

The public has an "implicit First Amendment right" of access to criminal trials, absent an overriding countervailing interest. *Press–Enterprise Co.* v. *Superior Court*, 478 U.S. 1, 7 (1986) (*Press–Enterprise II*) (citation and internal quotation marks omitted). The Second Circuit has articulated two approaches to determine whether the First Amendment right of access extends to particular judicial records. Under the "experience and logic" approach, which applies here, the First Amendment provides a right of access to judicial records (1) that "have historically been open to the press and general public" (the "experience" factor), and (2) where "public access plays a significant positive role in the functioning of the particular process in question" (the "logic" factor). *Hartford Courant Co.* v. *Pellegrino*, 380 F.3d 83, 92 (2d Cir. 2004) (citing *Press–Enterprise II*, 478 U.S. at 8-9)).[4] If a qualified right of access attaches to particular judicial records, sealing is appropriate if it is "essential to preserve higher values" and is "narrowly tailored" to serve such ends. *Press–Enterprise II*, 478 U.S. at 9.

Courts in this Circuit have held that there is no First Amendment right of access to sealed pre-indictment search warrant materials. *See United States* v. *All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 581-83; *see also In re Search Warrant*, 2016 WL 7339113, at *3. Three of the four Circuits to consider the issue have reached the same conclusion. *See Times Mirror Co.* v. *U.S. Dist. Ct. for Central Dist. of Ca.*, 873 F.2d 1210 (9th Cir. 1989); *In re Baltimore Sun Co.*, 886 F.2d 60 (4th Cir. 1989); *In re Search of Fair Fin.*, 692 F.3d 424, 429-33 (6th Cir. 2012). *But see In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569 (8th Cir. 1988). Although the Second Circuit has not specifically addressed First Amendment right of access in the context of search warrant supporting affidavits, the Circuit held the First Amendment right of access inapplicable to an affidavit underlying a Title III wiretap application. *See In re New York Times Co. to Unseal Wiretap & Search Warrant Materials*, 577 F.3d 401, 409-11 (2d Cir. 2009).

This Court should follow this persuasive authority and conclude that that there is no First Amendment right of access to pre-indictment search warrant materials. Because "[w]arrant application proceedings are highly secret in nature and have historically been closed to the press and public," the "experience" factor does not support any First Amendment right of access. *See All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 583; *see also Franks* v. *Delaware*, 438 U.S. 154, 169 (1978) (recognizing that the proceeding for issuing a search warrant "is necessarily *ex parte*, since the subject of the search cannot be tipped off to the application for a warrant lest he destroy or remove the evidence"); *United States* v. *United States Dist. Court*, 407 U.S. 297, 321 (1972) (a "warrant application involves no public or adversary proceeding"). The

---

[4] The second approach considers the extent to which the judicial records are "derived from or a necessary corollary of the capacity to attend the relevant proceedings." *Hartford Courant Co.*, 380 F.3d at 93. That approach has no application here "because the public and the press do not have a 'capacity to attend' search warrant application proceedings." *In re Search Warrant*, No. 16-MAG-7063, 2016 WL 7339113, at *3 (S.D.N.Y. Dec. 19, 2016).

"logic" factor is likewise unavailing: "Public access does not play a significant positive role in the functioning of warrant application proceedings. To the contrary, it is often crucial that probable cause determinations in connection with search or seizure warrants be shielded from public scrutiny at the time they are made in order to preserve the integrity and effectiveness of the related criminal investigations." *All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 583 n.7. Accordingly, there is no First Amendment right of access to pre-indictment search warrant materials.

In any event, even if a qualified First Amendment right of access attached to pre-indictment search warrant materials, continued sealing is necessary because, for the reasons articulated in the Government's *in camera* submission, it is "essential to preserve higher values" and is "narrowly tailored" to serve such ends. *See All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d at 586 n.8 ("The law enforcement and investigative concerns on which the Court has made its common law balancing determinations are also 'higher values' for purposes of First Amendment access analysis.").

### 3. Fourth Amendment Right of Access

The Fifth, Sixth, and Seventh Circuits have held that the Fourth Amendment confers no right of access to sealed search warrant materials during an ongoing investigation. *See In the Matter of EyeCare Physicians of America*, 100 F.3d 514, 517 (7th Cir. 1996); *In re Search of Fair Fin.*, 692 F.3d 424, 431 (6th Cir. 2012) ("The Fourth Amendment has no bearing on the question of whether documents related to the issuance of search warrants must be made available for public inspection."); *In re Grand Jury Proceedings*, 115 F.3d 1240, 1246 (5th Cir. 1997) (agreeing with the *EyeCare* decision). *But see Rinaldi* v. *City of New York*, No. 13 CIV. 4881 LAK JLC, 2014 WL 2579931, at *4 (S.D.N.Y. June 10, 2014) (citing out-of-circuit lower court cases finding a Fourth Amendment right of access).

Although the Second Circuit has not addressed the question, this Court should follow the reasoning in *EyeCare* and conclude that the Fourth Amendment provides no right of access to pre-indictment search warrant materials. As the *EyeCare* court observed, the text of the Fourth Amendment "does not address, even implicitly, the problem of lack of access to sealed search warrant affidavits." 100 F.3d at 517. "The Warrant Clause of the Fourth Amendment circumscribes the *issuance* of warrants, but does not address access to the affidavits employed to support them." *Id.* (emphasis in the original). Moreover, because, as explained below, pre-indictment suppression motions are unavailable, releasing search warrant materials under the auspices of the Fourth Amendment would serve no legitimate purpose.

In any event, even if the Court were to assume a qualified right of access existed under the Fourth Amendment, the Government, for the reasons discussed in the Government's *in camera* submission, has a compelling interest in maintaining its search warrant materials under seal to protect the confidentiality and integrity of its ongoing investigation.[5]

---

[5] Even the cases that find a Fourth Amendment right to access hold that access should not be granted where "the government shows (1) that a compelling governmental interest requires the materials be kept under seal and (2) there is no less restrictive means, such as redaction, available."

## B. AMA's Motion to Enjoin the Introduction of Evidence to the Grand Jury Should Be Denied

AMA moves "for an injunction enjoining the introduction of unlawfully seized evidence to the Grand Jury because it was obtained in violation of AMA's constitutional rights." (11/10/17 Mot. at 1). AMA alleges that the Government "acted in bad faith" "[d]uring the execution of the warrants" (*id.*) and violated the First Amendment by "requiring" AMA to turn off its security cameras during the searches (*id.* at 4, 6-9). AMA's motion fails on several levels.

To start, this Court lacks jurisdiction to decide a pre-trial motion for injunctive relief or to suppress evidence. The Federal Magistrates Act, Pub. L. No. 90–578, 82 Stat. 1107 (1968) (codified as amended in scattered sections of the United States Code, including 28 U.S.C. §§ 631-639 (1988)) (collectively "Magistrates Act") provides, in pertinent part, as follows:

(b)(1) Notwithstanding any provision of law to the contrary—

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *except a motion for injunctive relief*, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, *to suppress evidence in a criminal case*, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A) (emphases added). Thus, motions for injunctive relief and to suppress evidence are expressly carved out from the district court's authority under the Magistrates Act to designate a magistrate judge to hear and determine pretrial matters.

Regardless of this Court's authority to consider AMA's motion, it should be denied because even if evidence were unlawfully seized (which it was not), no pre-indictment suppression remedy exists. More than forty years ago, the Supreme Court held that the exclusionary rule does not apply to grand jury proceedings, and that the grand jury is entitled to consider inadmissible or illegally obtained evidence.[6] *United States* v. *Calandra*, 414 U.S. 338, 350-51 (1974) (evidence obtained in violation of Fourth Amendment could be used in questioning grand jury witness); *see also United States* v. *Blue*, 384 U.S. 251, 255 (1966)

---

*In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995); *see also id.* ("Clearly, the fact that there is an on-going criminal investigation could provide a compelling governmental interest.").

[6] A narrow exception to this general rule relates to evidence obtained as a result of illegal electronic surveillance. Such evidence, by statute, may not be considered by the grand jury for any purpose. *See* 18 U.S.C. §§ 2515 and 3504. There is no allegation here, however, that any such evidence has been presented to the grand jury.

(evidence obtained in violation of Fifth Amendment could be used in the grand jury). Because there is no legal prohibition on the presentation of incompetent or unconstitutionally obtained evidence to a grand jury, AMA's motion "to enjoin the introduction of evidence to the Grand Jury that was obtained in violation of AMA's constitutional rights" (11/10/17 Mot. at 1) must be denied. *See Matter of Doe*, 546 F.2d 498, 501 (2d Cir. 1976) ("We are asked to enjoin the investigation of a criminal offense by a grand jury, whose broad investigative powers have often been emphasized by the Supreme Court and by this court. The request is made in the context of a mere investigation and is brought here prematurely."); *In re Grand Jury Proceedings*, 142 F.3d 1416, 1425-26 (11th Cir. 1998) ("Because the grand jury may consider incompetent or unconstitutionally-obtained evidence, and judicial supervision may not be sought to challenge an indictment issued on the basis thereof, it does not seem permissible for a court to issue the injunction appellants propose, an order enjoining the grand jury from considering the attorney's testimony, evidence that has already been disclosed to the grand jury.").

Finally, there is an adequate remedy at law for AMA's grievances: if and when an indictment is handed down, AMA will have ample opportunity to file motions to dismiss the indictment and/or to suppress evidence. Accordingly, AMA's motion for injunctive relief must be denied on that basis as well. *See Younger* v. *Harris*, 401 U.S. 37, 43-44 (1971) ("[C]ourts of equity should not act . . . when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief."); *Ostrer* v. *Aronwald*, 425 F. Supp. 962, 965 (S.D.N.Y. 1976) ("[T]he plaintiffs have failed to show the absence of an adequate remedy at law. If, as and when an indictment is returned, the plaintiffs may move to dismiss the indictment and to suppress excludable evidence. Where the petitioner fails to establish the basic requisites for the issuance of a preliminary injunction, the motion must be denied.").

AMA's letter-motion does not engage with any of this well-established case law, and is bereft of authority to the contrary. The case on which AMA relies, *Austin* v. *United States*, 297 F.2d 356 (4th Cir. 1961), was subsequently set aside by the Fourth Circuit. *See Austin* v. *United States*, 353 F.2d 512, 512 (4th Cir. 1962). To the extent this vacated out-of-circuit decision suggested that a person aggrieved by an unlawful search and seizure had a viable pre-indictment suppression remedy, such suggestion is squarely foreclosed by the Supreme Court jurisprudence discussed above.[7]

---

[7] The 1918 Supreme Court case cited in the vacated *Austin* opinion, *Perlman* v. *United States*, 247 U.S. 7 (1918), is also inapposite. Subsequent case law has interpreted *Perlman* "to stand for the principle that the holder of an asserted privilege may immediately appeal the enforcement of a subpoena when the subpoena is directed at another person who does not object to providing the testimony or documents at issue." *In re Air Crash at Belle Harbor, New York on Nov. 12, 2001*, 490 F.3d 99, 106 (2d Cir. 2007). This narrow holding clearly has no application here.

## C. Conclusion

For these reasons, AMA's motions to unseal search materials and enjoin the introduction of evidence before the grand jury should be denied.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney

By:  /s/ Olga Zverovich
Olga Zverovich and Maurene Comey
Assistant United States Attorneys
(914) 993-1927 / (212) 637-2324

cc:     Kellan Potts, Esq. (by email)
Richard S. Harrow, Esq. (by email)