

EDWARD J. O'CONNELL
1925-1939
SAMUEL E. ARONOWITZ
1925-1973
LEWIS A. ARONOWITZ
1951-1979

CORNELIUS D. MURRAY
FRED B. WANDER
STEPHEN R. COFFEY
JEFFREY J. SHERRIN
THOMAS J. DiNOVO
PAMELA A. NICHOLS
JEFFREY A. SIEGEL
JAMI DURANTE ROGOWSKI
DAVID R. ROSS
KURT E. BRATTEN
MICHAEL P. McDERMOTT
KELLY J. MIKULLITZ
WILLIAM F. BERGLUND
ROBERT J. KOSHGARIAN
MATTHEW J. DORSEY
GEORGE R. SLINGERLAND
F. MATTHEW JACKSON

OF COUNSEL

RICHARD S. HARROW
MEREDITH H. SAVITT
PAUL A. FEIGENBAUM
KEITH J. ROLAND
ARTHUR A. PASQUARIELLO
CRISTINA D. COMMISSO

ELIZABETH A. CONNOLLY
CHAD A. JEROME
SCOTT W. ISEMAN
BRITTNAY M. McMAHON
DANIELLE E. HOLLEY
KATHLEEN EVERS BROWN
MARY T. CONNOLLY
COURTNEY L. ALPERT
KELLAN B. POTTS

HOLLY E. VEGAS*
(DIRECTOR, HEALTHCARE
CONSULTING GROUP)

*NOT A MEMBER OF THE
LEGAL PRACTICE

December 15, 2017

Honorable Paul E. Davison
United States Magistrate
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: <u>Unsealing Search Warrants: AMA Laboratories, Inc.
Case #: 17-MJ-2562
17-MJ-4661</u>

Dear Honorable Davison:

We represent AMA Laboratories, Inc. ("AMA") regarding the above-referenced search warrants connected to an investigation currently being conducted by the U.S. Attorney in the Southern District of New York. We are submitting this reply in response to the Government's letter of opposition submitted on November 22, 2017, in response to our motion to unseal search warrant material, and to enjoin introduction the introduction of evidence to the Grand Jury that was obtained in violation of AMA's constitutional rights submitted on November 7, 2017 and November 10, 2017. For the reasons set forth below, AMA's motions should be granted.

To begin with, the Government has repeatedly downplayed the severity of the investigation into AMA. Two search warrants have been issued and executed in this case, with additional searches being conducted based upon the improper consent given by the daughter of the CEO of AMA. Substantial amounts of paperwork and information have been collected and taken by the government. Furthermore, upon information and belief, the former Medical Supervisor, Maya Tatseme was arrested when the first search warrant dated April 6, 2017 was executed. Upon information and belief, the former Technical Director of AMA, Dave Winney, is an active cooperator with the Government in this investigation. The Government may be inclined to state it is premature to seek a judicial remedy to the actions taken by its agents, but it cannot seriously dispute the impact and harm this investigation has caused AMA. AMA has lost 48% of its employees, and its reputation in the business and greater community has been almost irreparably harmed. *See* AMA's Motion to Unseal p. 7. The Government, in their opposition reply, states "AMA has no legitimate reasons to request unsealing in the middle of an ongoing investigation." Instead of addressing the numerous concerns AMA put in their initial motion to unseal, the Government makes

54 STATE STREET • ALBANY, NY 12207 • (p) 518-462-5601 • (f) 518-462-2670
SERVICE BY FAX NOT ACCEPTED.

With offices in Albany, Latham, New York City, Plattsburgh and Saratoga Springs.
{00123743.1}
www.oalaw.com

conclusory statements such as "AMA has no need to know at this stage 'what information was presented' to the magistrate judge," and "search warrant affidavits [are not] necessary for AMA to pursue an internal investigation," and that AMA's concerns "hardly justifies the pre-indictment disclosure of search warrant affidavits" without any factual or legal analysis to back them up. The Government merely dismisses AMA concerns with conclusory statements that have no support whatsoever.

This fact shouldn't be surprising when one reads the preceding paragraph of the Government's opposition letter when they state "[t]he severe risks to criminal investigations outlined in *Times Mirror* apply in *every* case and accordingly *always* outweighs *any* interest the public may have in pre-indictment disclosure of the details of an ongoing investigations." (emphasis added). In effect, the Government is stating that release of pre-indictment search warrant materials should never be granted, in any circumstance. This cannot be the case. The Government is asking this Court to rule that individuals under investigation should never be allowed access to pre-indictment search warrant materials, a principle the cases cited by the Government do not hold. In the very case that the Government repeatedly cites, *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577 (S.D.N.Y. 2009), this same Court held there should be a balancing test as to whether pre-indictment search warrant materials should be unsealed. So to begin with, the Government's assertion that the risks to criminal investigations "always outweighs any interest the public may have in pre-indictment disclosure" of search warrant materials is not in accord with the case law in this district. While the Court in *Wells Fargo* may have ruled that the defendant in that case should not be granted access to the search warrant materials, it doesn't mean every defendant should so be denied. *All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577 (S.D.N.Y. 2009). This Court held that the "common law presumption of access to the affidavits is therefore entitled to great weight." *Id.* at 583. This further Court held that when the presumption of access is of the highest weight, as it was in *Wells Fargo*, and as it is here, the "material 'should not remain under seal *absent the most compelling reasons.*'" *Id.* (quoting *Joy v. North*, 692 F.2d 880 (2d Cir. 1982)). The Government has not met that burden here. Instead of offering the *most compelling reasons*, the Government merely states there is a risk to investigations in every case. This does not meet the burden set by this Court.

Even though the Government in *Wells Fargo* had additional reasons for requesting the search warrant materials to remain sealed, such as ongoing efforts to seize assets that constitute proceeds of criminal activity, in addition to the standard risks to an ongoing investigation, this Court still ordered that portions of the search warrant materials be released in redacted form. Ironically, this Court, in a case relied on by the Government in their response at least nine times, held that even with more reasons than what has been cited by the Government in AMA's case,

the search warrant materials should be disclosed in redacted form. *See Id.*, and Government's Opposition Letter. AMA has requested the search warrant materials in its case be unsealed, and based upon prior holdings by this very Court, their request should be granted.

AMA's reasons for requesting the unsealing of the search warrant materials remain valid. The Government ignored one of the most obvious reasons AMA needs the search warrant materials unsealed; namely that of effective assistance of counsel. Counsel for AMA cannot adequately advise the corporation of what should be done to prepare for possible charges, how to investigate for possible internal wrongdoing, and other pressing matters when there is no basis for which to know why the Government has targeted AMA. The American Bar Association has stated that defense counsel has a duty to investigate and to determine whether a sufficient factual basis exists for criminal charges. *American Bar Association Criminal Justice Standards for the Defense Function* (Fourth Edition), 4-4.1(a). This cannot be done when any basis for the Government's targeting of AMA is hidden behind sealed records.

Furthermore, these search warrants were issued over eight (8) months ago. The fallout from seeing FBI agents raid AMA's place of business has been catastrophic. Employees have left en masse, vendors are wary of working with AMA, banks are refusing necessary loans, and AMA's reputation in the community has fallen through the bedrock. The length of time in which the Government has remained inactive since the execution of the search warrants further illustrates that the Government's reasons for keeping the warrant materials sealed is far below the standard of *most compelling*. Upon information and belief, AMA knows that at least one former employee is cooperating with the Government. There is no risk to witnesses tampering because cooperating witnesses are already known to AMA, and there is no accusation that any undue pressure has been put on any AMA's prior employees to affect their testimony.

The Government further asserts that this Court does not have jurisdiction to decide a pre-trial motion for injunctive relief but this does not appear to be the case. The Government relies on 28 U.S.C. §636(b)(1)(A) which states that magistrate judges do not have jurisdiction to hear a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(A). But the Federal Rule of Criminal Procedure (FRCP) 59 states that "[a] district judge may refer to a magistrate judge for determination *any* matter that does not dispose of a charge or defense." FRCP 59(a) (emphasis added). AMA's motions to enjoin the introduction of evidence to the Grand Jury that violates AMA's constitutional rights does not dispose of a charge or defense, so according to the FRCP, this Court does have jurisdiction to hear this motion. For the reasons stated in the original motion to enjoin, the Court should grant AMA's motion.

There is absolute harm in having an indictment handed down on the basis of illegally obtained evidence. Having an indictment issued reports to the public that an individual has possibly broken the law. Even if a criminal prosecution is later defeated, there is still the stigma of being arrested and prosecuted that is near impossible to rid oneself of, not to mention the cost of legal representation in the defense of said prosecutions. To state that AMA will not suffer irreparable harm from a prosecution that is based on illegally seized evidence is beyond cavalier and ignoring the harm that results from the mere appearance of criminality in our society.

While *Austin v. United States*, 297 F.2d 356 (4th Cir. 1962) was subsequently set aside by the Fourth Circuit, it was done so for other reasons than that of the principle that a defendant can challenge illegally obtained evidence pre-indictment. *Austin* was set aside because further Supreme Court decisions held that orders of a District Court concerning motions to suppress evidence pre-indictment are not appealable. *Austin v. United States*, 353 F.2d 512 (4th Cir. 1962). The Government also seeks to narrowly apply *Perlman v. United States*, 247 U.S. 7 (1918) to only apply to cases where the holder of an asserted privilege may immediately appeal the enforcement of a subpoena but that is not the holding of *Perlman*. The Supreme Court held that a witness or third party may seek to enjoin the presentation of unlawfully seized evidence to the Grand Jury. "[I]f evidence is taken by government officials in violation of a person's Fourth or Fifth Amendment rights, he is entitled to institute proceedings in anticipation of an indictment, to restrain the use of the evidence against him." *Austin v. United States*, 297 F.2d 356, 358 (4th Cir. 1961) (citing *Perlman v. United States*, 247 U.S. 7 (1918)). The Supreme Court was "unable to concur" with the position that an individual would be "powerless to avert the mischief" of allowing unlawfully seized evidence being presented to a Grand Jury, and instead, must "accept its incidence and seek a remedy at some other time and in some other way." *See Perlman*, 247 U.S. at 13. The Supreme Court in *Perlman* directly contradicts the Government's assertion on page 7 of their opposition papers that "there is an adequate remedy at law for AMA's grievances; if and when an indictment is handed down, AMA will have ample opportunity to file motions to dismiss the indictment and/or to suppress evidence." The Supreme Court squarely rejected this argument in *Perlman*.

For these reasons, and the reasons stated in AMA's previous motions, the search warrant material should be unsealed, even in redacted form, and the Government should be enjoined from introducing evidence to the Grand Jury that was obtained in violation of AMA's constitutional rights.

                              Respectfully submitted,

                              O'CONNELL AND ARONOWITZ

                              By: *[signature]*

                              Richard S. Harrow, Esq.
                              O'Connell and Aronowitz
                              54 State Street, Floor 9
                              Albany, NY 12207

cc:    AUSA Maurene Comey
        300 Quarropas Street
        White Plains, NY 10601
        maurene.comey@usdoj.gov

        AUSA Olga Zverovich
        300 Quarropas Street
        White Plains, NY 10601
        olga.zverovich@usdoj.gov