UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<u>**In Re Search Warrants: AMA Laboratories, Inc.**</u>

<u>ORDER</u>
17 MJ 9109 (PED)

**PAUL E. DAVISON, U.S.M.J.**:

Before the Court are letter-applications submitted by AMA Laboratories, Inc. ("AMA") in reference to search warrants executed at AMA's business premises in New City, New York. The first letter, dated November 7, 2017, and addressed to the Honorable Lisa Margaret Smith, seeks pre-indictment "unsealing of the warrant documents (affidavits and other material presented to the neutral judicial officer to obtain the search warrants)." [Dkt. 1.] The second letter, dated November 10, 2017, and also addressed to Judge Smith, seeks "an injunction enjoining the introduction of unlawfully seized evidence to the Grand Jury because it was obtained in violation of AMA's constitutional rights." [Dkt. 2.] The Government submitted a responsive letter opposing both applications on November 22, 2017 [Dkt. 3] as well as a supplementary *ex parte* letter, also dated November 22, 2017, which details matters pertaining to an ongoing criminal investigation and has been filed under seal.[1] [Dkt. 5.] AMA submitted a reply letter dated December 15, 2017. [Dkt. 9.] For the reasons set forth, AMA's applications are **DENIED**.[2]

---

[1] By Order dated December 8, 2017, this Court denied AMA's request to unseal the Government's *ex parte* submission. [Dkt. 7.]

[2] These applications were transferred to this Court, under the court's ordinary procedures, because the undersigned approved the earliest in the series of search warrants executed at

### A. Motion to Unseal

AMA seeks unsealing of the warrant documents[3] on the basis of the First and Fourth Amendments as well as the common law right of access to judicial records and documents. In support of its request, AMA alleges irregularities in the execution of the warrants, and also alleges that AMA has endured business disruption and reputational damage as a result of the searches. AMA further stresses that pre-indictment disclosure of the warrant documents would assist AMA's counsel in investigating any possible wrongdoing at the company and, if appropriate, preparing AMA's defense.

Out-of-circuit authorities cited by AMA notwithstanding, this Court readily concludes that neither the First or the Fourth Amendment confers any right to inspect warrant documents relating to an ongoing investigation in the absence of criminal charges triggering government discovery obligations. "Warrant application proceedings are highly secret in nature and have historically been closed to the press and the public[.]" United States v. All Funds on Deposit at Wells Fargo Bank, 643 F. Supp.2d 577, 583 (S.D.N.Y. 2009).

More substantial is AMA's contention that the warrant documents are subject to disclosure under the common law right of access, because these materials are undeniably judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir.

---

AMA's business premises.

[3] The phrase "warrant documents" herein refers to affidavits and/or other materials submitted to the Court *ex parte* in support a government application for a search warrant and thereafter filed under seal. It does not refer to the warrant itself (including any attachments), which must be provided to "the person from whom, or from whose premises the property was taken" at the time the warrant is executed. Rule 41(f)(1)(C), Fed. R. Crim. P.

2006)(common law right of public access applies to "judicial documents"); All Funds on Deposit at Wells Fargo, 643 F. Supp.2d at 583-84 (warrant application documents are judicial documents). Moreover, because a judicial determination to issue a search warrant, and thereby allow the government to enter and search private property, directly affects individual rights, the common law presumption of access to warrant documents is "entitled to great weight." In Re: Search Warrant, Etc., 16 MC 464 (PKC), 2016 WL 7339113 at *3 (S.D.N.Y. December 19, 2016).

As AMA acknowledges, however, the common law right of access to judicial documents is not absolute but must give way to "countervailing factors" if there are "compelling reasons" to deny disclosure. Lugosch, 435 F.3d at 123. Here, the government argues that disclosure of the warrant documents would compromise an ongoing criminal investigation, a circumstance which is "frequently found by courts to be sufficiently compelling to warrant some measure of closure." All Funds on Deposit at Wells Fargo, 643 F. Supp. 2d at 585 (collecting cases.) Courts have identified three main risks associated with premature disclosure of confidential criminal investigations: 1) subjects under investigation could destroy evidence, coordinate their stories before testifying, or even flee the jurisdiction; 2) witnesses who provided evidence on a confidential basis might be placed in danger or chilled from providing testimony; and 3) persons named in a warrant might never be charged with a crime, but disclosure of the warrant details could tarnish reputations and leave such persons without a forum in which to exonerate themselves. See Times Mirror v. United States, 873 F.2d 1210, 1215-16 (9th Cir. 1989).

This Court, having reviewed the Government's *ex parte* submission as well as the warrant affidavits themselves, is satisfied that there are compelling reasons to maintain the confidentiality of the Government's investigation at this time. In particular, the Court finds that

disclosure of the warrant materials would reveal the identity of witnesses who might then be at risk of retaliation or other harm, or who might be chilled from further cooperation in the investigation.  Based on the full record, the Court also finds a specific risk of evidence destruction or other obstruction of justice.  Thus, unsealing the warrant documents at this time would threaten the Government's ongoing investigation, a circumstance which this Court finds to be a compelling reason which outweighs AMA's interest in obtaining disclosure of the warrant documents.  AMA's motion to unseal is **DENIED**.[4]

### B. Motion for Injunction

AMA's second letter-motion seeks "an injunction enjoining the introduction of unlawfully seized evidence to the Grand Jury because it was obtained in violation of AMA's constitutional rights." (Nov. 10, 2017 letter, p. 1.)  AMA's statement of the relief it seeks reveals a flawed premise, for the law is clear that unlawfully seized evidence – including evidence seized in violation of a subject's constitutional rights – may nonetheless be received and considered by the grand jury.

The main function of a grand jury is to determine if probable cause exists to believe that a crime has been committed and, if so, to file charges against such persons as are reasonably believed to have committed it.  United States v. Ciambrone, 601 F.2d 616, 622 (2d Cir. 1979).  The grand jury has broad powers of investigation which are "unrestrained by the technical, procedural and evidentiary rules governing the conduct of criminal trials." Id., quoting United

---

[4] As is typically the case, the warrant affidavits include generic, "boilerplate" paragraphs which do not reveal anything about the Government's ongoing investigation.  Disclosure of those portions of the affidavits would neither threaten the Government's ongoing investigation nor provide AMA with any meaningful information.  Accordingly, the Court does not order redaction at this time.

States v. Calandra, 414 U.S. 338, 343 (1974). Thus, the grand jury may consider evidence obtained in violation of the Fourth Amendment, United States v. Calandra, id., or the Fifth Amendment, United States v. Blue, 384 U.S. 251, 255 (1966), and it may rely on hearsay or otherwise incompetent evidence, Costello v. United States, 350 U.S. 359 (1956). "The Constitution requires only that the integrity of the fact-finding process be upheld by restricting the admissibility at trial of tainted evidence *at trial*, not by precluding its introduction before a grand jury." Turner v. Lynch, 534 F. Supp. 686, 688 (S.D.N.Y. 1982)(emphasis added), citing Bracy v. United States, 435 U.S. 1301 (1978)(Rehnquist, J., sitting as Circuit Justice).

Accordingly, there is no basis for AMA's request that the court "enjoin the introduction of unlawfully seized evidence to the Grand Jury[.]" In the event the investigation culminates in criminal charges, indicted parties will have the opportunity to seek suppression of evidence alleged to have been unlawfully seized pursuant to Rule 41(h), Fed. R. Crim. P. See United States v. Bershchansky, 788 F.3d 102 (2d Cir. 2015)(evidence suppressed where agents improperly executed search warrant). AMA's motion for an injunction is **DENIED**.

Dated: December 21, 2017
      White Plains, New York

                              **SO ORDERED**

                              Paul E. Davison, U.S.M.J.